IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM CLAYTON SUTTON

     Petitioner,                              No. CIV S-05-2152 DFL CMK P

     vs.

STATE OF CALIFORNIA,

     Respondent.                         FINDINGS & RECOMMENDATIONS

_____/

     Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is respondent's motion to dismiss for lack of subject matter jurisdiction.

     Respondent argues that this court lacks subject matter jurisdiction over this petition because California's parole scheme does not give rise to a federally protected liberty interest in parole. In making this argument, respondent relies on the recent decision in Sass v. California Board of Prison Terms, 376 F.Supp. 2d 975 (E.D. Cal. 2005), which found that the California Supreme Court's recent interpretation of the California parole scheme requires a finding that California's parole statute does not create a liberty interest in parole because prisoners have no legitimate expectation of a release date. See Sass at 376 F. Supp 2d. at 983

1  (relying on In re Dannenburg, 34 Cal. 4th 1061 (2005)).

2      A trial court has the inherent authority to manage its docket, and it may stay an
3  action pending resolution of independent proceedings which have bearing upon the case.
4  See Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2nd 1458, 1465 (9th Cir. 1983).
5  In determining whether to grant a stay, a trial court should consider whether a stay will promote
6  the just and efficient determination of the case and whether the proceedings likely will conclude
7  within a reasonable time.  See Leyva v. Certified Grocers of California Ltd., 593 F2d 857, 864
8  (9th Cir. 1979).  The court must also consider the relative hardships to the parties and the
9  simplification of issues and questions of law the could result from a stay.  See CMAX, Inc. v.
10 Hall, 300 F.2d 264, 268 (9th Cir. 1962).

11     The question of whether California's parole scheme gives rise to a federally
12 protected liberty interest is pending before the Ninth Circuit Court of Appeals in Sass v.
13 California Board of Prison Terms, Case No.05-16455.  Sass was argued before the appellate court
14 on March 16, 2006.  However, there is no way of knowing when the appellate court will issue a
15 decision.  Should the appellate court decide that California's parole scheme does not give rise to a
16 federally protected liberty interest, respondent could renew its motion to dismiss, thus negating
17 the need for filing an answer and further court proceedings.  Additionally, petitioner will suffer
18 little harm if this action is stayed.

19     The undersigned finds that a stay will promote a just and efficient determination of
20 this case.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be stayed pending the Ninth Circuit's decision in <u>Sass v. California Board of Prison Terms</u>, Case No.05-16455;

2. The Clerk of the Court be directed to administratively close this case; and

3. The respondent be directed to file and serve a status report discussing the activity in <u>Sass v. California Board of Prison Terms</u>, Case No.05-16455 within 120 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2006.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE